# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Kenneth E. Smith (K-54173), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15 C 3730 |
| v. | ) | |
| | ) | Judge Gary Feinerman |
| Karen Rabideau, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The motion of Defendants Williams and Rabideau to dismiss the amended complaint [31] is denied. Defendants Williams and Rabideau shall answer the amended complaint by 1/25/2016. Plaintiff's "motion to resubmit attorney representation" [37] is denied without prejudice. In light of the Magistrate Judge's supervision of discovery and setting of a 2/16/2016 status hearing [41], the 1/5/2016 status hearing [34] is stricken and re-set for 3/29/2016 at 9:30 a.m. Defense counsel is directed to make arrangements for Plaintiff's telephonic appearance at that status hearing.

## STATEMENT

Plaintiff Kenneth E. Smith, a prisoner at Stateville Correctional Center, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants Tarry Williams, Karen Rabideau, and Dr. Obaisi were deliberately indifferent to his serious medical needs related to his torn ACL and crepitis. Plaintiff also raises claims against Wexford Health Sources, Inc., which has not yet appeared. Currently before the Court are a motion by Williams and Rabideau to dismiss the amended complaint and Plaintiff's "motion to resubmit for attorney representation."

Defendants Williams and Rabideau contend that Plaintiff has insufficiently alleged their personal involvement in the alleged constitutional violation. Doc. 31 at 2. They first argue that Williams' unfavorable responses to Plaintiff's grievances are insufficient to subject Williams to liability. Although it is true that "[n]on-medical defendants . . . can rely on the expertise of medical personnel" as to the proper treatment for inmates, they "may not simply ignore an inmate's plight." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011). Thus, where an inmate alleges that an official knows of an inmate's unmet need for medical attention or that he is not receiving ordered medical attention, the inmate may, in some instances, state a deliberate indifference claim. Here, as Defendants acknowledge, Plaintiff indicates that he informed the warden (whom he believes to have been Williams) of his "medical needs at least twice face to face" and also "alerted" Williams "of [Dr.] Obaisi's refusal to see Plaintiff" through emergency grievances. Doc. 29 ¶¶ 36, 38-41. Plaintiff's allegations, although sparse, are sufficient at the pleading stage to state a deliberate indifference claim against Williams.

As for Defendant Rabideau, Defendants construe the amended complaint to allege that Plaintiff asked Rabideau to assign him to "a lower level floor"; they characterize such a request as a "specific decision[] about where inmates will be housed" that should be "left to the discretion of prison administrators." Doc. 31 at 4 (citing *McKune v. Lile*, 536 U.S. 24, 39 (2002). The Court, however, understands Plaintiff in his amended complaint to allege not that he sought a change in cell location, but that he sought a bottom, rather than top, bunk. Doc. 29 ¶ 12 (alleging that "Plaintiff has been forced to clamb [sic] into the top bunk"). Moreover, according to Plaintiff, he informed Rabideau that a medical doctor had prescribed the lower bunk, but she did not act on the doctor's orders. Plaintiff's allegations, which must be assumed true at this stage, are sufficient to assert a deliberate indifference claim against Rabideau. *See Hudson v. Dart*, No. 10 C 8253, 2011 WL 494375, at *2 (N.D. Ill. Feb. 7, 2011) (holding that plaintiff's allegation that he informed various officials of his need for bottom bunk permit and that none acted to ensure he received one may establish deliberate indifference claim against those officials). Accordingly, the motion to dismiss is denied.

Plaintiff's "motion to resubmit for attorney representation," in which he seems to ask the Court to reconsider the denial of his earlier request for counsel, is denied without prejudice. Although "[t]here is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In making the decision whether to recruit counsel, the Court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to obtain counsel on his own behalf or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does this particular plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). This analysis does not focus solely on the plaintiff's ability to try the case, but on his ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013). Factors to be considered include: (1) the stage of litigation, *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) (holding that it is difficult to make an accurate determination regarding a plaintiff's ability to litigate the matter when case is still in "its infancy"); (2) plaintiff's submissions and pleadings, *Olson*, 750 F.3d at 712 (well-written pleadings and appearance that plaintiff can follow instructions indicate that counsel is not needed); (3) medical and mental health issues, *Olson*, 750 F.3d at 712; (4) transfer to a different facility, *Junior v. Anderson*, 724 F.3d 812, 815 (7th Cir. 2013) (transfer to a different facility may impede plaintiff's ability to obtain evidence including affidavits/declarations from others to support his/her claim); (5) plaintiff's capabilities, including intelligence (IQ), literacy, degree of education, communication skills, and litigation experience, *Pruitt*, 503 F.3d at 655; *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (recruitment of counsel required for a blind inmate with a tenth-grade education); *Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014) (enlistment of counsel was necessary for a functionally illiterate inmate); and (6) complexity of the case, *Dewitt*, 760 F.3d at 658; *Henderson*, 755 F.3d at 566; *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010); *Pruitt*, 503 F.3d at 655-56.

Plaintiff's motion provides little beyond what was included in Plaintiff's prior motion (Doc. 27) and addressed by the Court at the October 13, 2015 hearing, where that motion was denied. Doc. 34. Although Plaintiff alleges a medical condition that may be serious (a torn ACL), the case has not yet passed the pleading stage. In fact, one Defendant has yet to appear. Given the early stage of the case, the Court has little basis to assess the case's complexity or Plaintiff's ability to litigate the case himself. The Court notes that Plaintiff's submissions have been consistently coherent and superior to those of many *pro se* litigants. Plaintiff asserts that this is because he has had help from other inmates (Doc. 37), but even Plaintiff's recent motion is clear, organized, and concise. Plaintiff has not been transferred from the facility where the alleged events occurred and has not asserted any obstacles to obtaining key documents that he might use to support his claims. Although like most inmates Plaintiff has little litigation experience or legal knowledge, he has a G.E.D. and he has successfully amended his complaint to assert additional claims. Plaintiff has not identified any impairment that might prevent him from undertaking tasks such as research and writing that might be required as litigation progresses at this early stage.

For these reasons and those stated on the record at the last status hearing, Plaintiff's request for attorney representation is denied without prejudice to his renewing the motion later in the case.

January 4, 2016

_____
United States District Judge