UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH E. SMITH (K-54173), | ) | |
| | ) | |
| Plaintiff, | ) | 15 C 3730 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., DR. SALEH OBAISI, and TARRY WILLIAMS, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Kenneth Smith brought this suit under 42 U.S.C. § 1983 alleging that Stateville Correctional Center Warden Tarry Williams and Dr. Saleh Obaisi, Stateville's now-deceased medical director, were deliberately indifferent to his knee pain, and also that Dr. Obaisi's employer, Wexford Health Sources, Inc., had a policy of sacrificing patient care to save money. Doc. 29. The court granted Defendants' summary judgment motions, Docs. 98-99 (reported at 2017 WL 5464367 (N.D. Ill. 2017)), and entered judgment, Doc. 100. Pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920, Defendants together seek some $1,600 in costs. Docs. 101, 104. Smith argues that he is indigent and therefore should not be subjected to a cost award. Doc. 108 at 3.

A prevailing party "presumptively receives the costs of litigation and it is the losing party's burden to overcome this presumption." *Johnson v. Target Corp.*, 487 F. App'x 298, 301 (7th Cir. 2012). But "it is within the discretion of the district court to consider a plaintiff's indigenc[e] in denying costs under Rule 54(d)." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006) (internal quotation marks omitted). *Rivera* directs district courts to undertake a two-step analysis when presented with a claim of indigence:

1

> First, the district court must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future. The burden is on the losing party to provide the district court with sufficient documentation to support such a finding. This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses. Requiring a non-prevailing party to provide information about both income/assets and expenses will ensure that district courts have clear proof of the non-prevailing party's dire financial circumstances. Moreover, it will limit any incentive for litigants of modest means to portray themselves as indigent.
>
> Second, the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs. No one factor is determinative, but the district court should provide an explanation for its decision to award or deny costs.

*Id.* at 635-36 (citations and internal quotation marks omitted).

As for the first step, Smith is 42 years old and currently imprisoned at Stateville. *See* Illinois Department of Corrections Offender Search for Kenneth Smith, K54173, available at https://www2.illinois.gov/idoc/offender/pages/inmatesearch.aspx (last visited Apr. 17, 2018). He has been incarcerated more or less continuously since 1997, and his release date is in 2068, *ibid.*, meaning that he is highly unlikely to have much, if any, of a post-prison life.

This court granted Smith leave to proceed *in forma pauperis* in June 2015. Doc. 7. For the court's use in connection with Defendants' requests for costs, Smith submitted an updated *in forma pauperis* application. Docs. 112, 113. The application indicates that Smith receives $10 per month from Stateville and that his prison trust fund balance is $8.55. Doc. 113 at 1, 5. Although he lists no other assets, Smith over the past six months has received approximately $130 per month from people outside the prison, which he spends at the commissary. *Id.* at 6; *see also* Doc. 3 at 4 (nearly the same monthly deposits for an earlier six-month period). Smith has been paying the filing fee for this suit out of his prison trust fund. Doc. 113 at 6-7.

The unfortunate reality is that Smith's income-generating capabilities are and will continue to be severely limited while he is imprisoned, and that they are not likely to materially improve, as Smith is serving out what likely will turn out to be a life sentence. Smith does receive a modest amount of money from outside sources, but those sums do not materially improve his financial situation. Given these circumstances, Smith has sufficiently established that he is "incapable of paying the court-imposed costs at this time or in the future." *Rivera*, 469 F.3d at 635 (internal quotation marks omitted); *see also Mathis v. Carter*, 2017 WL 2243040 (N.D. Ill. May 23, 2017) (declining to assess costs against a losing party who was incarcerated and indigent); *Shultz v. Dart*, 2016 WL 3227276 (N.D. Ill. June 13, 2016) (same).

As for the second step of the analysis, while Defendants' requested costs are by no means astronomical, they still would pose a substantial hardship to Smith, whose present income is trivial and who is highly unlikely to have any post-incarceration income-generating capabilities. It is true that Smith did not respond to Defendants' summary judgment motions, despite being given ample opportunity to do so. Docs. 86, 91, 99. But his case was not frivolous, and his response to Defendants' bills of costs avers that he suffers from "psychological disorders that impair[ed] his ability to litigate" this case and gives reason to believe that he made a genuine attempt to prepare a responsive filing. Doc. 108 at 2.

For these reasons, the court denies Defendants' requests for costs.

April 17, 2018

United States District Judge